```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
CARTIER SAADA S.A. and CARTIER SAADA     :
US LLC,                                  :
                                         :      21cv2501 (DLC)
                   Plaintiffs,           :
                                         :      OPINION AND ORDER
             -v-                         :
                                         :
BANK OF AMERICA, N.A.,                   :
                                         :
                   Defendant.            :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiffs:
Thomas Curtis
Thomas M. Curtis, Esq.
1385 York Avenue
Ste 32b
New York, NY 10021

For defendant:
Shan P. Massand
McGuireWoods LLP
1251 Avenue of the Americas
Ste 20th Floor
New York, NY 10020

DENISE COTE, District Judge:

Plaintiffs Cartier Saada S.A. ("Cartier Morocco") and Cartier Saada US LLC ("Cartier US") bring claims against defendant Bank of America, N.A. ("Bank of America") for opening an account that was used to defraud one of the plaintiff's customers.  Bank of America has moved to dismiss the complaint.  For the following reasons, the motion to dismiss is granted.

**Background**

The following facts are derived from the plaintiff's amended complaint, unless otherwise noted, and are assumed to be true for the purposes of this motion. Cartier Morocco is a Moroccan corporation with a wholly owned subsidiary, Cartier US, based in New York. In February of 2019, Cartier Morocco arranged through a broker to sell four crates of olives to Omega Foods, Inc. ("Omega Foods"). Before payment was received, however, a third party hacked into the email account of Cartier Morocco's CEO. The hacker sent the broker an email appearing to come from the CEO, directing the broker to tell Omega Foods to make payment to a bank account owned by another organization, Cartier Saada LLC ("Cartier NY").

Cartier NY is unrelated to the plaintiff organizations, and was created to fraudulently obtain the proceeds from the plaintiffs' sale. Cartier NY's bank account was opened with Bank of America on April 1, 2019. Two days later, Omega Foods sent its payment to the Cartier NY account, unaware that Cartier NY had no relationship with the plaintiff organizations. On April 4, Bank of America issued a cashier's check for $85,0000 from the Cartier NY account, which was deposited at another bank the same day. Omega Foods was then informed of the fraud, and

2

after making a wire fraud claim to Bank of America, the balance of the Cartier NY account was returned to it.  The plaintiffs then brought an action against Cartier NY and the individuals responsible for the Cartier NY account on January 2, 2020.  That action is still pending in the New York County Supreme Court.  <u>Cartier Saada S.A. v. Cartier Saada LLC</u>, No. 20-cv-150024.

The plaintiffs brought this action against Bank of America on March 23, 2021, alleging that Bank of America failed to verify the identity of the person who opened the Cartier NY account, in violation of regulations promulgated under the Bank Secrecy Act.  Bank of America moved to dismiss the claims against it on April 13.  The plaintiffs then amended their complaint on June 10.  Bank of America moved to dismiss the amended complaint on June 22, and the plaintiffs opposed the motion on July 13.  The motion became fully submitted on July 20.[1]

## **Discussion**

The complaint brings causes of action against Bank of America for negligence, conspiracy, and violation of customer due diligence regulations promulgated under the Bank Secrecy

---

[1] The case was reassigned to this Court on December 10.

Act.  Bank of America has moved to dismiss the complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).

In order to state a claim and survive a motion to dismiss, "[t]he complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'"  Green v. Dep't of Educ. of City of New York, 16 F.4th 1070, 1076-77 (2d Cir. 2021) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "In determining if a claim is sufficiently plausible to withstand dismissal," a court "accept[s] all factual allegations as true" and "draw[s] all reasonable inferences in favor of the plaintiffs."  Melendez v. City of New York, 16 F.4th 992, 1010 (2d Cir. 2021) (citation omitted).

I. Negligence

The plaintiffs allege that Bank of America failed to comply with recently promulgated regulations requiring banks to verify the identities of individuals controlling their legal entity customers.  See Customer Due Diligence Requirements for Financial Institutions, 81 Fed. Reg. 29,398 (May 11, 2016) ("CDD

4

Requirements") (codified at 31 C.F.R. pts. 1010, 1020, 1023, 1024, and 1026). The plaintiffs argue that this failure constitutes negligence, and that as a result, they were defrauded out of $85,000.

"Under New York law, a tort plaintiff seeking to prove a defendant's negligence must show (1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." Borley v. United States, 2021 WL 6122133, at *2 (2d Cir. Dec. 28, 2021) (citation omitted). "[T]he definition, and hence the existence, of a duty relationship is usually a question for the court." Id.

"As a general matter under New York law, banks and other financial institutions do not owe non-customers a duty to protect them from the intentional torts of their customers." In re Terrorist Attacks on September 11, 2001, 714 F.3d 118, 126 (2d Cir. 2013) (citation omitted).[2] Courts applying New York law have therefore frequently dismissed non-customer claims that a

---

[2] The Second Circuit has recognized a narrow exception to this rule, holding that banks have a "duty to safeguard trust funds deposited with them when confronted with clear evidence indicating that those funds are being mishandled." Lerner v. Fleet Bank, N.A., 459 F.3d 273, 295 (2d Cir. 2006). This exception is not applicable here.

5

bank's negligence facilitated a third party's fraud.  See, e.g., Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 672 F.3d 155, 158 (2d Cir. 2012); Ludlow Essex Partners LLC v. Wells Fargo Bank, N.A., 2017 WL 2963488, at *2 (S.D.N.Y. July 11, 2017); Frankel-Ross v. Congregation Ohr HaTalmud, 2016 WL 4939074, at *4 (S.D.N.Y. Sept. 12, 2016).

The plaintiffs attempt to distinguish their claim, arguing that previous cases have not ruled on the violations of the precise regulations at issue here, because these regulations had not yet been promulgated.  The plaintiffs' complaint is not entirely clear as to which regulatory violations actually are at issue, instead pointing generally to a Treasury Department rule containing a collection of anti-money laundering and identity verification requirements.  See Customer Due Diligence Requirements for Financial Institutions, 81 Fed. Reg. at 29,398.

Regardless, however, the plaintiffs' argument is unavailing.  The Second Circuit has made clear that a general duty to non-customers would "unreasonably expand banks' orbit of duty", and "be the equivalent of making New York banks liable to the world's banking public."  Lerner v. Fleet Bank, N.A., 459 F.3d 273, 286 (2d Cir. 2006) (citation omitted).  This reasoning is just as applicable to the identity verification requirements

referenced in the complaint as it is to other regulations promulgated under the Bank Secrecy Act. Accordingly, the plaintiffs' negligence action must be dismissed.

II. Bank Secrecy Act

The plaintiffs also bring a claim for violation of the Bank Secrecy Act, 31 U.S.C. § 5318. "Private rights of action to enforce federal law must be created by Congress." Oxford Univ. Bank v. Lansuppe Feeder LLC, 933 F.3d 99, 104 (2d Cir. 2019) (quoting Alexander v. Sandoval, 532 U.S. 275, 286 (2001)). As many courts have held, the Bank Secrecy Act does not provide a private right of action. See, e.g., Frankel-Ross, 2016 WL 4939074, at *4 ("[I]t is now well settled that the anti-money-launder obligations of banks, as established by the Bank Secrecy Act . . . do not create a private cause of action." (citation omitted)).

The plaintiffs again attempt to distinguish their claim, arguing that other cases have not considered the identity verification provisions at issue here. See 31 U.S.C. § 5318(l). The plaintiffs, however, cite no authorities holding that this provision creates a private right of action, and concede that the statute contains no mention of one. On the contrary, the statute directs the Secretary of the Treasury to "prescribe

7

regulations" requiring financial institutions to verify the identity of persons opening an account.  31 U.S.C. § 5318(l)(1)-(2).  This kind of statutory provision, "phrased as a directive to the federal agency charged with" enforcing the relevant law, "lacks the sort of rights-creating language needed to imply a private right of action."  Armstrong v. Exceptional Child Ctr., Inc., 575 U.S. 320, 331 (2015).  Accordingly, neither § 5318(l), nor regulations promulgated pursuant to it, can form the basis of a private enforcement action.  See Sandoval, 532 U.S. at 291 (holding that administrative regulations "may not create a right that Congress has not").

III. Conspiracy

Finally, the plaintiffs bring an action for conspiracy against Bank of America.  The plaintiffs allege that the bank employee who opened the account conspired with the account owner to defraud them.  The plaintiffs seek to hold Bank of America liable for its employee's alleged conspiracy under a respondeat superior theory.

New York law "does not recognize an independent tort of conspiracy."  Kirch v. Liberty Media Corp., 449 F.3d 388, 401 (2d Cir. 2006).  A conspiracy action "may only be asserted to connect actions of separate defendants to an underlying tort."

<u>Kovkov v. Law Firm of Dayrel Sewell, PLLC</u>, 119 N.Y.S.3d 849, 849 (1st Dept. 2020). A plaintiff bringing a conspiracy claim must allege "a cognizable cause of action, agreement among the conspirators, an overt act in furtherance of the agreement, intentional participation by the conspirators in furtherance of a plan or purpose, and damages." <u>Id.</u> at 849–50.

Even assuming that the complaint contains a plausible allegation of some fraudulent scheme, the plaintiffs fail to plausibly allege a conspiracy claim. The complaint contains a bare assertion that a Bank of America employee entered into a conspiracy to open the Cartier NY account. The complaint does not make clear with whom the employee allegedly conspired, pleads no facts to show that the employee agreed to commit fraud or any other tort, and contains no allegations that the employee intended to further any plan or purpose. The complaint therefore does not even contain a "[t]hreadbare recital[] of the elements" of conspiracy, much less sufficient plausible allegations to sustain a conspiracy claim. <u>Iqbal</u>, 556 U.S. at 678. Accordingly, the plaintiffs' conspiracy claim must be dismissed.

9

## **Conclusion**

Bank of America's motion to dismiss the plaintiffs' complaint is granted. The Clerk of the Court shall enter judgment for the defendants and close the case.

Dated:   New York, New York
         January 21, 2022

                                              _____
                                                     DENISE COTE
                                              United States District Judge